**PEARL ASSURANCE COMPANY, Ltd.,**

v.

**SOUTHERN WOOD PRODUCTS CO.**

No. 14925.

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1954.

Alex W. Smith, Atlanta, Ga., for appellant.

Thomas B. Branch, Jr., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

The gist of appellant's petition for rehearing is illustrated by the following quotation:

"The Court has held that appellant made 'no satisfactory response to the observation of the District Court to appellant's counsel that "since there is no contention made this fire was not unintentional, I cannot see whether the insured owed, or does not owe for that machinery, has one thing in the world to do with the amount of risk in there so far as the insurance company is concerned * * *"'

"The response of counsel for the appellant to this observation by the trial Court is found on page 47 of the record. This response undertook to spell out for the trial Court the moral hazard inherent in property that is heavily mortgaged. This response further advises the trial Court that the absence of causal connection between the increased hazard and the origin of the fire has no legal effect on the admissibility of the testimony."

Continuing that line of argument, appellant insists that the encumbrances on the woodworking machinery were "relevant both on the question as to a material increase of hazard and a moral increase of hazard." On the "material increase of hazard", appellant says, "it was very essential for the appellant to show the materiality and size of the transaction and its importance to the insured, as illustrated by the fact that he went heavily into debt to procure and install this machinery." That phase of the issue may be laid to rest at once by observing that the district court ad-

mitted all evidence going to the materiality and size of the transaction, but soundly inquired, "How does the fact that it was not paid for affect the size of the operation or the nature of the change?"

On the "moral hazard", appellant cites Alston v. Phenix Insurance Co., 100 Ga. 287, 27 S.E. 981, and Rayford v. Aetna Insurance Co., La.App., 193 So. 413, as holding that a mortgage upon insured property is regarded as a moral hazard, and the case of American Alliance Insurance Co. v. Pyle, 62 Ga.App. 156, 8 S.E.2d 154, as holding that, to rely on the policy provision against increase of hazard, it is not necessary to show a causal connection between the increased hazard and the origin of the fire.

With the holding of the last mentioned case we have no quarrel. The other two cases cited are not, however, authority for the proposition that a provision against increase of hazard is breached by placing a mortgage on the property. The condition relied on in Alston v. Phenix Insurance Co., supra, read as follows: " 'If the subject of insurance be personal property, and be or become encumbered by a chattel mortgage.' " 27 S.E. at page 981. The provision relied on in Rayford v. Aetna Insurance Co., supra, read as follows:

> " 'This entire policy * * * shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of the insurance be a building on ground not owned by the insured in fee simple.' " 193 So. at page 414.

That provision was considered in connection with a Louisiana statute providing in substance that a breach of any representation, warranty or condition contained in the policy must be such as would increase either the moral or physical hazard under the policy.

■ Policies of property insurance often provide against encumbrances and that they shall be void if the insured is not the sole and unconditional owner of the property, and such provisions are held to be valid and binding on the parties. See 29 Am.Jur., Insurance, Sections 599 and 624. On the other hand, a provision simply against increase of risk or hazard does not prohibit the owner from exercising the usual and ordinary acts of ownership and is not broken by a mortgage on the property. See 29 Am.Jur., Insurance, Sections 677 and 682.

■ The defendant's answer in this case relied solely on the provision in the policy against increase of hazard and alleged "that the hazard of loss by fire to the insured premises was increased, both by the alterations and additions to the insured premises, and by the use of the insured premises as thus altered and added to for manufacturing purposes." There was no claim of breach of any provision against encumbrances, nor was there any attempted claim that the hazard had been increased by encumbering the property.

When counsel for the appellant made the response referred to on page 47 of the record, calling attention to the moral hazard inherent in property that is heavily mortgaged, the district court aptly responded:

"The Court:

"This is an affirmative defense, and show me where you have made, where you have plead that.

"Mr. Smith:

"I'm talking about increasing hazards now. You want to know why it showed any increase in hazard.

"The Court:

"Well, let me see your plea, where you plead that.

"Mr. Smith:

"I said putting the machinery in there increased the hazard.

"The Court:

"Yes."

The evidence offered was not pertinent to the defense pleaded and the court properly sustained objection to that evidence. The petition for rehearing is therefore

Denied.